IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01685-WYD-MEH

DANNY WEBSTER,

      Plaintiff,

v.

NATIONS RECOVERY CENTER, INC., a Georgia corporation, and
SYLVESTER JOHNSON, an individual,

      Defendants.

**ORDER ON DEFENDANTS' MOTION TO STRIKE**

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) [filed August 5, 2009; docket #5]. The Motion is referred to this Court for resolution. (Docket #6.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Strike.

**I.    Background**

Plaintiff initiated this action on July 15, 2009, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Docket #1.) Plaintiff alleges that Defendant Johnson, as an employee of Defendant Nations Recovery Center, Inc. ("NRC"), and NRC under a theory of respondeat superior, violated provisions of the FDCPA barring harassment or abuse, the making of false or misleading representations, and the use of "unfair or unconscionable" means in the course of attempting to collect a debt. (*Id*. at 21-22 (citing 15 U.S.C. §§ 1692d, 1692e, 1692f).) In his

Complaint, Plaintiff recites twenty-three lawsuits filed against Defendant NRC in the United States' District Courts. (*Id*. at 13-17.) In the Motion presently before the Court, Defendants seek the Court to strike the portions of Plaintiff's Complaint containing the litany of suits against NRC and other allegedly contentious statements as "immaterial, impertinent, and scandalous" pursuant to Fed. R. Civ. P. 12(f). (Docket #5 at 2.)

Defendants contend Plaintiff's descriptions of prior lawsuits are "of absolutely no legal value and do not provide a basis for any legal conclusions regarding Defendants' conduct in this case." (*Id*. at 4.) Defendants further believe Plaintiff's purpose in including the list of lawsuits is to "degrade NRC's moral character," in that the allegations "unfairly attempt[ ] to frame NRC as a frequent violator of the law." (*Id*. at 4, 5.) Defendants allude to prejudice they could suffer as having to "incur the time and expense associated with responding" to the disputed allegations. (*Id*. at 6.)

In response, Plaintiff asserts the allegations properly demonstrate that Defendants "have a history or plan of aggressive debt collection," which is admissible under the standard of the federal Rule of Evidence 404(b). (Docket #7 at 4.) Specifically, Plaintiff contends the allegations are directly relevant to the issues of statutory damages and the Bona Fide Error affirmative defense in this matter. (*Id*. at 4-5.) Plaintiff believes Defendants fail to meet the stringent standard required by Rule 12(f). (*Id*. at 7.)

## II.    Fed. R. Civ. P. 12(f) Standard of Review

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."

*Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). The Court may grant a motion to strike when (1) the allegations have no bearing on the controversy and (2) the movant can demonstrate prejudice caused by the allegations. *Kimpton Hotel & Restaurant Group, LLC*, 2008 WL 140488, at *1 (citing *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001)). "Only allegations 'so unrelated to plaintiff's claims as to be unworthy of any consideration' should be stricken." *Id.* (citing *EEOC v. Ford Motor Co.*, 529 F. Supp. 643, 644 (D. Colo. 1982)).

If the Motion to Strike alleges the contentious matter is scandalous, such allegations will be stricken "only if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court." *Sierra Club v. Tri-State Generation and Transmission Assoc., Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). Striking relevant allegations as scandalous requires meeting this standard, in addition to a showing of unnecessary detail. *Id.*

If the Motion to Strike asserts the grounds that the matter is impertinent and immaterial, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Kimpton Hotel & Restaurant Group, LLC*, 2008 WL 140488, at *1 (citing *Shell Oil Co.*, 605 F. Supp. at 1085 (citation omitted)). Immaterial matter is "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material." *Dean v. Gillette*, No. Civ.A.04-2100JWL-

DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (citations omitted). A showing of immateriality or impertinence must be coupled with prejudice to the movant, in order to properly implicate the striking of pleadings. "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Dean*, 2004 WL 3202867, at *1.

**III.   Analysis**

Defendants request the Court to strike paragraphs 120-170, 178-179, and 183 of Plaintiff's Complaint. Paragraph 183 of Plaintiff's Complaint states Plaintiff's belief that:

> he is entitled to statutory damages of $1,000.00 as the Plaintiff has shown by the facts in the present case as well as the other cases listed above the frequency and persistence of NRC's noncompliance, the nature of NRC's noncompliance and the extent to which NRC's noncompliance is intentional.

Paragraphs 178-179 allege as follows:

> 178. The lawsuits listed above filed against NRC in U.S. District Court(s) across the United States show that NRC has made violating the FDCPA part of its business practice.
> 179. Several of the lawsuits listed above contain allegations of FDCPA violations that are similar to the Plaintiff's allegations of the NRC's FDCPA violations.

Paragraphs 178, 179 and 183 refer to the listing of lawsuits located in paragraphs 120-170 of Plaintiff's Complaint. These paragraphs identify twenty-three lawsuits filed against Defendant NRC between January 1, 2007 and July 14, 2009. For each lawsuit listed, Plaintiff describes the plaintiff's name, the date and location the lawsuit was filed, that the complaint alleges NRC violated the FDCPA, and in a few instances, whether judgment was entered against NRC.

As stated previously, the Court may grant a motion to strike when (1) the allegations have no bearing on the controversy and (2) the movant can demonstrate prejudice caused by the allegations. Plaintiff brings his lawsuit alleging Defendants violated the provisions of the FDCPA

barring harassment or abuse, the making of false or misleading representations, and the use of "unfair or unconscionable" means to attempt debt collection. In support of these allegations, Plaintiff contends Defendants adhere to a practice of violating the FDCPA in the course of NRC's business. Plaintiff highlights the previous lawsuits against NRC to, as he describes, indicate the frequency and intentional nature of NRC's violations of the FDCPA in like situations. Considering the Federal Rules of Evidence governing relevance and Rule 404(b), the Court finds the contentious allegations indeed bear on the controversy for purposes of this Rule 12(f) evaluation.

Other than Defendants' vague assertion about the time and expense needed to respond to the list of lawsuits stated in the Complaint as further evaluated below, the Court does not discern any true prejudice to Defendants. Paragraphs 120, 178, 179, and 183 directly implicate Plaintiff's allegations against Defendants and apply to Plaintiff's request for relief. The veracity of such allegations are better attacked through the usual course of litigation. Thus, the Court DENIES Defendants' Motion to the extent it seeks to strike Paragraphs 120, 178, 179, and 183.

However, the Court GRANTS Defendants' Motion to the extent it seeks to strike paragraphs 121 through 170. Paragraphs 121-170 constitute redundant and tedious pleadings, consistent with the standard for immateriality encompassed by Rule 12(f). As stated, immaterial matter includes "a statement of unnecessary particulars in connection with that which is material." *Dean*, 2004 WL 3202867, at *1. Plaintiff's paragraph 120 states "NRC has been sued 23 times in the U.S. District Court(s) for alleged FDCPA violations between January 1, 2007 and July 14, 2009." (Docket #1 at 13.) This allegation succinctly summarizes the foundation for paragraphs 178, 179, and 183. The following fifty paragraphs detailing each of the twenty-three lawsuits embody exactly a "statement of unnecessary particulars." The prejudice to Defendants lies in their undue burden of having to

respond to such lengthy and excessive pleadings.

**IV.     Conclusion**

Accordingly, as stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) [filed August 5, 2009; docket #5]. **Paragraphs 121 through 170** are hereby **stricken** from Plaintiff's Complaint.

Dated at Denver, Colorado, this 15th day of September, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge